# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PABLO CAMPAZ HURTADO,

    Petitioner,

v.                                    CASE NO. 8:11-CV-42-T-30EAJ
                                    CRIM. CASE NO. 8:04-CR-475-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Hurtado's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based conviction for possession with the intent to distribute five kilograms or more of cocaine while on board a vessel. Hurtado pleaded guilty pursuant to a plea agreement and was sentenced to 194 months in prison (CR Dkts. 57, 149). He did not appeal his conviction and sentence to the Eleventh Circuit Court of Appeals.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  The motion to vacate is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ."  28 U.S.C. § 2255.  Because Hurtado's conviction was final on March 29, 2005,[2] his limitation period expired one year later, in March  2006.[3]  Pursuant to the

---

[2] Because Petitioner did not appeal the judgment of conviction entered on March 15, 2005 (CR Dkt. 149), it became final 10 business days later on March 29, 2005, and his one year limitation period within which to file a § 2255 motion ended March 29, 2006. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

[3] Petitioner's § 2255 motion asserts in pertinent part that he appealed his judgment of conviction to the United States Supreme Court (CV Dkt. 1 at pp. 4-5).  This Court takes judicial notice of information on the United States Supreme Court's website, www.supremecourt.gov, that indicates Petitioner filed a petition for writ of habeas corpus in the Supreme Court on January 9, 2006, in case no. 05-8528. The petition was denied on February 21, 2006.  *See In Re Pablo Campaz Hurtado*, 546 U.S. 1168 (2006) [table].  Rehearing was denied on May 15, 2006.  *See In Re Pablo Campaz Hurtado*, 547 U.S. 1145 (2006) [table]. Thus, even if Petitioner's conviction was not final until his motion for rehearing was denied by the Supreme Court (*but see e.g., United States v Segers,* 271 F3d 181 (4th Cir. 2001), *cert. denied,* 535 US 943 (2002) (petition was untimely since it was not filed within one year after Supreme Court denied defendant's petition for writ of certiorari, but within one year from Supreme Court's denial of petition for rehearing; former begins limitations period for federal habeas petition), his limitation period expired one year later on May 15, 2007.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Accordingly, his motion to vacate is untimely.

mailbox rule,[4] Hurtado's motion to vacate is considered filed as of January 4, 2011, which is the date he signed the motion. Because the motion was filed nearly five years too late, Hurtado's motion to vacate is untimely.

Hurtado argues entitlement to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Hurtado admits his untimeliness but argues that his inability to either hire an attorney or read English precluded his timely filing. The inability to obtain counsel justifies no tolling because a petitioner has no constitutional right to counsel in a post-conviction proceeding. *Miller v. Florida*, 307 Fed. App'x 366, 367-68 (11th Cir. 2009),[5] citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Neither Hurtado's alleged inability to speak or read English nor his alleged lack of access to books written in Spanish or inmate law clerks who speak Spanish qualify for equitable tolling. *See Brown v. United States*, 318 Fed. App'x 749 (11th Cir. 2008) (Brown's illiteracy and problem communicating either verbally or with sign-

---

[4] *Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams*, 173 F.3d at 1341 (a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

language was not an extraordinary circumstance warranting equitable tolling), and *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). *Accord Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003).

Finally, the fact that Petitioner filed a forty page petition for writ of habeas corpus, that included numerous citations to legal authority, in the United States District Court, Middle District of Florida, Ocala Division, on May 14, 2007, while he was incarcerated at the Federal Correctional Complex in Coleman, Florida (*See Hurtado v. Jones*, Case No. 5:07-cv-194-OC-10GRJ), belies his assertion that his inability to speak or read English, and his lack of access to books written in Spanish or inmate law clerks who speak Spanish at Coleman, prevented him from timely filing his § 2255 motion.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** with prejudice as time-barred. The clerk shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*

4